McCan & Patterson *v.* Steamer Robert J. Ward et al.

When the engineer of a steamer directed the manner in which certain repairs to the engine were to be made, in a matter in which his own knowledge was supposed to be superior to the persons employed by him, and directly against their opinion and advice, such persons cannot be held liable for the imperfection of the repairs.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.
Durant & Hornor, for plaintiffs. *T. B. Hart,* for defendants and appel-·lants.

Merrick, C. J. This case is before us on appeal by the defendants from a judgment dismissing their reconventional demand.

They employed the plaintiff to fit a piston-head, furnished by themselves, to the rod of one of the engines of the R. J. Ward. The engineer of the boat attended the work, and gave the directions as to the manner in which it should be done. The plaintiffs proposed to put the head on hot, as usual at that shop, in order that it might become fast by contraction. The engineer of the boat directed that it should be driven on cold and keyed. The work was done in accordance with the directions of the engineer, was taken to the boat and put in its place by the engineer.

The Robert J. Ward had not proceeded more than fifteen or eighteen miles on her trip up the river before the piston-head came loose, and the boat was detained twelve hours until the same could be repaired.

The reconventional demand is for damages occasioned by that detention.

The law of this case is well settled by one of the witnesses. He says: "As a general rule, the engineer, by giving the direction, assumes the responsibility as to the mode of doing the work. If he superintends it, and receives it without objection, witness conceives that he assumes the entire responsibility."

In the case before us, the engineer having directed the manner in which the work was to be done in a matter in which his knowledge was supposed to be superior to that of the persons employed by him, and directly against the opinion and advice of those persons, there can be no reasonable ground on which to hold them liable.

Judgment affirmed.